**Bruce D. Vargo, Esq.**
**SCARPONE & VARGO LLC**
50 Park Place, Suite 1003
Newark, New Jersey 07102
Tel: (973) 623-4101
Fax: (973) 623-4181
bvargo@scarponevargo.com
*Attorneys for Plaintiff Cuozzo Speed Technologies LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CUOZZO SPEED TECHNOLOGIES LLC, <br><br> Plaintiff, <br> v. <br><br> GARMIN INTERNATIONAL INC.; GARMIN USA, INC.; and CHRYSLER GROUP LLC, <br><br> Defendants. | Civil Action No. 2:12-cv-3623-(CCC) (JAD) <br><br> **JURY TRIAL DEMANDED** |

## JOINT DISCOVERY PLAN

1.  For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

*Attorneys for Plaintiff Cuozzo Speed Technologies LLC*

Bruce D. Vargo, Esq.
SCARPONE & VARGO LLC
50 Park Place, Suite 1003
Newark, New Jersey 07102
Tel: (973) 623-4101
Fax: (973) 623-4181
bvargo@scarponevargo.com

*Attorneys for Defendants Garmin International, Inc., and Garmin USA, Inc.*

Leda Dunn Wettre, Esq.
Michael J. Gesualdo, Esq.
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2760
lwettre@rwmlegal.com
mgesualdo@rwmlegal.com

OF COUNSEL

Cabrach J. Connor, Esq. *(pro hac vice)*
Jason W. Deats, Esq. *(pro hac vice)*
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel: (512) 474-2449
Fax: (512) 474-2622
cconnor@reedscardino.com
jdeats@reedscardino.com

Eric A. Buresh, Esq. *(pro hac vice)*
Jason R. Mudd, Esq. *(pro hac vice)*
Ajay A. Sharma , Esq. *(pro hac vice)*
ERISE IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, Kansas 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
eric.buresh@eriseIP.com
jason.mudd@eriseIP.com
ajay.sharma@eriseIP.com

Ed Goldstein, Esq. *(pro hac vice)*
GOLDSTEIN & LIPSKI PLLC
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1145
egoldstein@gliplaw.com

*Attorneys for Defendant Chrysler Group LLC*
Liza M. Walsh
Hector D. Ruiz
CONNELL FOLEY LLP
84 Livingston Avenue
Roseland, New Jersey 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217
LWalsh@connellfoley.com
HRuiz@connellfoley.com

OF COUNSEL

Frank C. Cimino Jr. *(pro hac vice)*
Megan Woodworth *(pro hac vice pending)*
Thomas D. Anderson *(pro hac vice)*
DICKSTEIN SHAPIRO LLP
1825 Eye St NW
Washington, DC 20006
Tel.: (202) 420-2200

Fax: (202) 420-2201

2.    (a)    Set forth a brief description of the case, including the facts, causes of
action and affirmative defenses asserted.

Plaintiff CST alleges that Defendants Garmin and Chrysler directly infringe
the '074 patent by making, selling, using, or importing navigation systems and cars
having navigation systems (called the Uconnect system in many Chrysler vehicles)
that have a speed limit warning feature that notifies the driver if the vehicle
exceeds the speed limit.  Plaintiff further alleges that Garmin provides navigation

system components to Chrysler and Garmin, and that they each indirectly infringe the '074 Patent by selling material components of the invention to end users and encouraging infringing use by end users of the speed limit warning feature and associated navigation units.  Defendants deny Plaintiff's allegations.  Defendants Garmin and Chrysler aver that they have not and do not infringe the asserted '074 patent and that the '074 patent is invalid.

Further, as set forth in its October 3, 2012 letter (Doc. No. 41), Defendant Garmin has filed a petition with the United States Patent and Trademark Office seeking *inter partes* review of the asserted '074 patent under the America Invents Act.  Garmin's request is based on the fact that the '074 patent is invalid, because the asserted patent does not claim anything novel over the prior art and because it does not claim anything nonobvious.  Defendants believe it will be more efficient to set the deadlines in this case two months later to allow time for the USPTO to render a decision as to whether it will initiate the *inter partes* review.  At that time, the parties will be able to better re-evaluate the scheduling of this case.

      (b)    Is this a fee-shifting case?

          Plaintiff believes this is a fee shifting case under 35 U.S.C. § 285.

          Defendants believe this is not a fee shifting case.

3.    Has this action, in whole or in part, been: Settled  <u>NO</u>  Discontinued  <u>NO</u>

    If yes, has there been a Stipulation/Dismissal filed?  Yes _____  No _____

4.    Have settlement discussions taken place?  Yes ___X___  No _____

    If so, when?  Plaintiff CST met with Defendant Garmin August 1, 2012 but has had no settlement discussions with Chrysler.

5.    Core discovery needed to be able to discuss settlement in a meaningful way:

    Plaintiff needs information on vehicles and devices with the accused features including:  product name, product model number, sales price, revenue, profit, past sales numbers, and projected sales numbers.

    Defendants need information regarding ownership of the asserted patent, conception and reduction to practice of the asserted patent, marking of the asserted patent, prior art to, including prior disclosures of the subject matter of, the asserted patent, information regarding Plaintiff's alleged damages, etc.

6.  The parties intend to exchange the information required by Fed. R. Civ. P.26(a)(1) on October 9 *[Plaintiff proposes]* or December 9 *[Defendants propose]*.

7.  Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P.26(a)(1).

8.  The parties have not conducted discovery other than the above disclosures. If yes, describe.

9.  The parties have met pursuant to Fed. R. Civ. P. 26(f).

    (a)  If not, state the reason therefor.

    (b)  If so, state the date of the meeting and the persons in attendance.

    September 24, 2012

    Cabrach Connor and Bruce Vargo for Cuozzo Speed Technologies LLC.

    Leda Wettre and Jason Mudd for Garmin International, Inc. and Garmin USA, Inc.

    Hector Ruiz for Chrysler Group LLC.

    (c)  If this is not a joint plan, set forth the reason.

10. (a)  Discovery is needed on the following subjects:

    Plaintiff intends to seek discovery concerning, generally, the design, development, structure, specification, components, and operation of the accused systems; instructions provided to customers on how to use the accused systems; customer demand for the accused systems; and revenue and profits associated with sales and service of the accused systems.  Plaintiff will need discovery concerning the factual bases for the Defendants' affirmative defenses and counterclaims, including any opinion of counsel upon which Defendant intends to rely.  CST intends to seek discovery concerning Defendants' decisions to include the speed limit warning feature on certain models of personal navigation devices and vehicles and the products, components, and systems Garmin provides to Chrysler as part of Chrysler's Uconnect navigation system.  CST also intends to seek discovery regarding the extent defendants intend to include the speed limit warning feature in future products.

Defendants intend to seek discovery concerning ownership of the asserted patent, conception and reduction to practice of the asserted patent, prosecution of the asserted patent, marking of the asserted patent, prior art to, including prior disclosures of the subject matter of, the asserted patent, etc.

(b)   Discovery should not be conducted in phases or be limited to particular issues.

(c)   Plaintiff proposes a maximum of 25 interrogatories by each collective side to each other party.  Defendant proposes a maximum of 25 interrogatories by each party to each other party.

(d)   Defendants propose each party shall be subject to no more than ten (10) hours of total 30(b)(6) deposition time.  Defendants propose each each party shall be subject to no more than thirty-five (35) hours of total deposition time (inclusive of both personal and 30(b)(6) deposition time). CST opposes an express limit on the number of hours of Rule 30(b)(6) depositions or total deposition time and instead proposes following the default limits provided by the Federal Rules of Civil Procedure;

(e)   Deposition of expert witnesses shall be limited to seven (7) hours per expert witness report. Should any expert issue an infringement, non-infringement, or damages report with respect to multiple defendants, the parties agree to meet and confer regarding the deposition time for that expert with respect to that topic, but in no event shall such deposition time be limited to less than three (3) hours with an additional four (4) hours for each Defendant as to which the expert offers testimony.

| Event | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| Initial disclosures due and first day to serve discovery requests | December 9, 2012 | October 9, 2012 |
| Parties to submit stipulated protective order to court | December 19, 2012 | October 19, 2012 |
| Plaintiff's L. Pat. R. 3.1, 3.2 contentions/disclosures due | December 21, 2012 | October 23, 2012 |

| | | |
|---|---|---|
| Defendant's L. Pat. R. 3.2A, 3.3, 3.4 contentions/disclosures due | February 5, 2013 | December 7, 2012 |
| Plaintiff's L. Pat. R. 3.4A responses due | February 19, 2013 | December 21, 2012 |
| Parties to exchange proposed terms for construction | March 12, 2013 | January 11, 2013 |
| Parties to exchange proposed claim constructions / extrinsic evidence | April 2, 2013 | February 1, 2013 |
| Deadline for amending pleadings / joining other parties | May 2, 2013 | March 1, 2013 |
| Joint Claim Construction / Prehearing Statement Due | May 5, 2013 | March 4, 2013 |
| Non-expert claim construction discovery deadline | June 3, 2013 | April 3, 2013 |
| Opening *Markman* submissions due | June 18, 2013 | April 18, 2013 |
| Expert claim construction discovery deadline | July 17, 2013 | May 17, 2013 |
| Responsive *Markman* submissions due | August 19, 2013 | June 17, 2013 |
| Parties to submit L. Pat. R. 4.6 joint proposed schedule for *Markman* hearing | September 2, 2013 | July 2, 2013 |
| Close of main (non-supplemental) fact discovery period | 60 days after entry of Claim Construction Order | 60 days after entry of Claim Construction Order |
| Supplemental fact discovery period in light of the Court's Claim Construction Order | Commencing on the date of entry of the Claim Construction Order and closing 60 days thereafter | Commencing on the date of entry of the Claim Construction Order and closing 60 days thereafter |
| Defendant's L. Pat. R. 3.8 disclosures due | 30 days after entry of Claim Construction Order | 30 days after entry of Claim Construction Order |
| Opening expert reports | 60 days after entry of Claim Construction | 60 days after entry of Claim Construction |

| | Order | Order |
|---|---|---|
| Rebuttal expert reports | 105 days after entry of Claim Construction Order | 90 days after entry of Claim Construction Order |
| Expert discovery to be completed | 150 days after entry of Claim Construction Order | 135 days after entry of Claim Construction Order |
| Dispositive motions due | 180 days after entry of Claim Construction Order | 150 days after entry of Claim Construction Order |
| Pretrial Conference | To be set by the Court | To be set by the Court |
| Trial-ready date | To be set by the Court | To be set by the Court |

11.     Do you anticipate any discovery issues, challenges or problems?

Yes   _X_   No _____

If yes, explain.

Plaintiff believes that Defendants may assert relevant information and witnesses with knowledge about the accused products are located overseas.

Defendants believe this issue is premature as it is not yet clear whether discovery outside of the U.S. will be necessary.

12.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)?

Yes   _X_   No _____

If yes, explain.

To the extent Defendant asserts information about the accused systems is located outside the U.S., Plaintiff requests the Court order Defendant to produce

documents, ESI, and present corporate representatives for deposition in the District of New Jersey.

Defendants believe this issue is premature as it is not yet clear whether discovery outside of the U.S. will be necessary.  The parties agree to meet and confer on this issue when and if it arises.  Defendants disagree with having witnesses located outside the U.S. be required to travel to the U.S. for deposition.

13.   Set forth any special discovery mechanism or procedure requested, including data preservation orders or discovery confidentiality orders:

14.   (a)  Do you anticipate any issues about discovery of electronically stored information, including form of production?

Yes ___ No __X__ (not at this time)

If yes, explain.


(b)   Describe how electronic discovery will be produced and set forth agreements the parties have reached about the production of such discovery, including forms of production, cost sharing (if any), software arrangements, etc.

The parties have been advised by their counsel to preserve relevant reasonably accessible electronically stored information, if any.  The parties agree that, to the extent they exist, back-up tapes, voicemails, text messages, and instant messages are not reasonably accessible and need not be produced absent a Court Order or agreement of the parties.  The parties agree that general ESI production requests under Rules 34 and 45 of the Federal Rules of Civil Procedure shall not include metadata absent a showing of good cause.  However, where applicable, fields showing the date and time a document was sent and/or received, and the

complete distribution list, including any bcc's, if known, shall be included in the production.

The parties agree that electronically stored information shall be produced as .tiff images with Concordance or Summation load files (as specified by each side) whenever possible; and that the parties will honor reasonable requests by other parties to produce, in native form, electronically stored information specifically identified by the requesting party when .tiff images are not reasonably usable (e.g., in some cases, when the electronically stored information is an Excel spreadsheet, or input to or output from a computer program.)

The parties currently expect that production of electronically stored information may include production of electronically stored technical, research, development, manufacturing, sales, and/or marketing files that are responsive and not privileged or otherwise protected from discovery.

**Defendants propose:** The production of electronically stored information will not include the production of emails absent a showing of cause and Court Order or agreement of the parties.

**Plaintiff proposes:** The production of email will be limited at the outset to 5 custodians on the topic of any pre-suit communications between Plaintiff and any Defendant, subject to expansion for good cause shown. Notwithstanding the limitations set forth above, which CST has agreed to at this time in the interest of

streamlining discovery, to the extent any ESI stores or evidence repositories (e.g.,

back-up tapes, voicemails, instant or text messages) are the exclusive source for

information relating to any Defendant's prior correspondence with inventor

Cuozzo or information relating to Defendant's analysis and evaluation of Cuozzo's

letter to Defendant, CST will request such sources be searched and relevant, non-

privileged evidence produced.  In short, CST does not agree to limit the scope of

ESI discovery to the extent relevant information likely will be excluded.  The

parties agree to cooperate and plan discovery accordingly.


15.   State whether this case is appropriate for voluntary arbitration (pursuant to
      Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil
      Rule 301.1 or otherwise), appointment of a special master or other special
      procedure.  If not presently appropriate, explain why and state whether any
      such procedure may be appropriate at a later time (*i.e.*, after exchange of
      pretrial disclosures, after completion of depositions, after disposition or
      dispositive motions, etc.).

      The parties agree this case is inappropriate for voluntary arbitration.

      The parties believe the technological issues in this case are not complex and
      do not warrant appointment of a special master.  Plaintiff notes this case
      involves the same patent and similar technology as co-pending Case
      Nos. 2:12-cv-3624, 2:12-cv-3625 and 2:12-cv-3626, and Plaintiff submits
      these cases should be treated consistently.

16.   Is this trial appropriate for bifurcation? Yes _____ No ___X___

17.   **Fed. R. Civ. P. 26(b)(4) – Trial Preparation: Experts**

      The parties agree that draft expert reports and communications between

counsel and their experts shall not be discoverable.

18. **Consent To Trial Before Magistrate Judge**

Plaintiff CST consents at this time to the trial being conducted by a Magistrate Judge.

Defendants do not consent to trial before a Magistrate Judge at this time.

19. **Fed. R. Civ. P. 26(f)(3)(A) / L. Civ. R. 26.1(b)(2)(g) – Protective Order**

The parties expect to reach agreement on the form of a Stipulated Protective Order governing the exchange of confidential information.  The parties expect the Stipulated Protective Order to include provisions addressing the inadvertent production of privileged material as contemplated by Federal Rule of Evidence 502.

I. **L. Civ. R. 26.1(b)(2)(j) – Statement Regarding Settlement Discussions**

The parties have conducted preliminary settlement discussions and will continue to explore settlement opportunities as the case progresses.

J. **Miscellaneous**

20. For purposes of Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of a paper is complete when it is transmitted by email to the party to be served by 11:59 p.m. Eastern.  If the papers to be transmitted include exhibits or attachments too voluminous to be transmitted by email, those exhibits or attachments should be sent via an FTP site (or similar mechanism) or otherwise served using an overnight delivery service.

| | |
|---|---|
| */s/ Bruce D. Vargo, Esq.* | 10.09.2012 |
| Attorneys for Plaintiff Cuozzo Speed Technologies LLC | Date |

| | |
|---|---|
| */s/ Leda Dunn Wettre, Esq.* | 10.09.2012 |
| Attorneys for Defendants Garmin International Inc and Garmin USA, Inc. | Date |

| | |
|---|---|
| */s/ Liza M. Walsh, Esq.* | 10.09.2012 |
| Attorneys for Defendant  Chrysler Group LLC | Date |

**ALTERNATIVE DISPUTE RESOLUTION
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Madeline Cox Arleo) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that <u>must</u> be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an <u>ex parte</u> basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The mediator's hourly rate is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site **www.njd.uscourts.gov** and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.