UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CUOZZO SPEED TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 2:12-CV-3623-CCC-JAD |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GARMIN INTERNATIONAL, INC., | § | |
| GARMIN USA, INC. AND CHRYSLER | § | |
| GROUP LLC | § | |
| | § | |
| | § | |
| Defendants. | | |

## <u>DISCOVERY CONFIDENTIALITY ORDER</u>

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, Plaintiff Cuozzo Speed Technologies LLC ("Cuozzo" or "Plaintiff") requests that the following Discovery Confidentiality Order be entered to govern the exchange and use of discovery materials and testimony that the Parties regard as confidential. Pursuant to Local Civil Rule 5.3(b)(2), in support of this request, Cuozzo has submitted the Declaration of Cabrach Connor, dated November 16, 2012, explaining why this Docket Control Order is necessary.  Defendants Garmin International, Inc., Garmin USA Inc. (collectively "Garmin") and Chrysler Group LLC ("Chrysler") (Garmin and Chrysler are sometimes referred to collectively herein as "Defendants") do not currently join in this submission.  Plaintiff understands that Defendants do not object to the entry of a discovery confidentiality order in this case.

This proposed Discovery Confidentiality Order is substantially the same as the Joint Proposed Discovery Confidentiality Orders filed in the *Cuozzo Speed Technologies LLC v. TomTom, Inc. and Mazda Motor of America, Inc.*, Case No. 2:12-CV-3623-CCC-JAD and *Cuozzo Speed Technologies LLC v. General Motors LLC*, Case No. 2:12-CV-3624-CCC-JAD

matters also in this Court, the only differences being the removal of any non-agreed upon proposal specific to any of the defendants therein.

The above-captioned proceeding is a patent infringement lawsuit wherein Plaintiff has accused the Defendants of infringing United States Patent No. 6,778,074 (the "'074 Patent") titled "Speed Limit Indicator and Method for Displaying Speed and the Relevant Speed Limit." In light of the nature of the claims and defenses asserted by the Parties in this case, discovery will necessarily focus on several areas of the Parties' businesses, and potentially third-parties' businesses, deemed to be of sensitive and proprietary nature. The areas may include, for example: (1) financial information; (2) proprietary technology; and (3) other sensitive business information. Testimony and documents concerning these subjects may contain confidential information, proprietary information, trade secrets and/or other sensitive information. Because disclosure of such material may pose a substantial risk of causing harm to the Parties' competitive positions if publicly disclosed, the Parties have developed and reached an agreement where possible on a procedure for controlling disclosure of such information produced during discovery.

Plaintiff therefore proposes the following parameters of a Discovery Confidentiality Order to govern the disclosure of information exchanged during the discovery process is set forth as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:  (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith

2

to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and

Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who

produces or discloses any Confidential material, including without limitation any information,

document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same

with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT

TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

      2.      Any party to this litigation and any third-party shall have the right to designate as

"Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion

of any document or thing that contains highly sensitive business or personal information, the

disclosure of which is highly likely to cause significant harm to an individual or to the business

or competitive position of the designating party.  Any party to this litigation or any third party

who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material,

including without limitation any information, document, thing, interrogatory answer, admission,

pleading, or testimony, shall mark the same with the foregoing or similar legend:

"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO

DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

      3.      Any party to this litigation and any third-party shall have the right to designate

material as "CONFIDENTIAL - SOURCE CODE."  The term "source  code" will  mean

computer instructions and data definitions expressed in a form suitable for input to an assembler,

compiler, or other translator including source code, VHDL, or similar highly confidential

programming statements and/or instructions.  Any party may designate information that

comprises or contains Source Code as "CONFIDENTIAL - SOURCE CODE" (hereinafter

"Source Code") only if, in the good faith belief of such party and its counsel, the information is

extremely sensitive, the disclosure of which to another Party or nonparty would create a

substantial risk of serious injury to the business or competitive interests of the Producing Party that could not be avoided by less restrictive means.  Nothing in this Protective Order should be interpreted as requiring any Party to produce Source Code.

       4.     All Confidential, Attorneys Eyes Only or Source Code material shall be used by the receiving party solely for purposes of the prosecution or defense of this action. The only exception shall be with respect to Confidential or Attorneys Eyes Only material produced by the Plaintiff or the named inventor, which may also be used in connection with proceedings before the USPTO concerning the patent-in-suit, provided, however, that any such material submitted to the USPTO shall be – to the greatest extent possible – submitted in such a manner as to protect its confidential nature. Confidential, Attorneys Eyes Only or Source Code material shall not be used by the receiving party for any purpose outside of this litigation, and shall not be disclosed by the receiving party to anyone other than those set forth herein, unless and until the restrictions herein are removed either by written agreement of counsel for the party asserting confidentiality, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential, Attorneys Eyes Only or Source Code material, provided that such advice and opinions shall not reveal the content of such Confidential, Attorneys Eyes Only or Source Code material except as allowed for herein, by prior written agreement of counsel for the party asserting confidentiality, or by Order of the Court.

       5.     Confidential material and the contents of Confidential material may be disclosed only to the individuals listed in sub-paragraphs a. through g. below, whereas Attorneys Eyes Only material and the contents of Attorneys Eyes Only material may be disclosed only to the individuals listed in sub-paragraphs a (excluding in-house counsel) through f. below, under the

following conditions:

a.       Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.       Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A, and further provided that the right of any independent expert or consultant to receive any Confidential, Attorneys Eyes Only or Source Code Information will be subject to the advance approval of such expert or consultant by the producing party or by permission of the Court.  The party seeking approval of an independent expert or consultant must provide the producing party with the name and curriculum vitae of the proposed independent expert or consultant, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential, Attorneys Eyes Only or Source Code Information of the producing party to the expert or consultant.  Any objection by the producing party to an independent expert or consultant receiving Confidential, Attorneys Eyes Only or Source Code Information must be made in writing within ten (10) days following receipt of the identification of the proposed expert or consultant.  Confidential or Attorneys Eyes Only Information may be disclosed to an independent expert or consultant if the ten (10) day period has passed and no objection has been made.  The approval of independent experts or consultants must not be unreasonably withheld.

c.       Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.       The Court and court personnel;

e.       Drafters, recipients, and employees of the producing party.  Any deponent may be shown or examined on any information, document or thing designated Confidential, Attorneys

Eyes Only, or Source Code if it appears that the witness (1) authored, received a copy of, or was involved in the subject matter described therein; (2) is currently employed by the party who produced the information, document or thing; (3) was employed by the party who produced the information, document, or thing at the time the material was created; or (4) if the producing party consents to such disclosure;

      f.     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

      g.     The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

      6.     Confidential and Attorneys Eyes Only material shall be used only by individuals permitted access to it under Paragraph 5.  Confidential and Attorneys Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

      7.     With respect to any depositions that involve a disclosure of Confidential, Attorneys Eyes Only, or Source Code material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, Attorneys Eyes Only or Source Code, which period may be extended by agreement of the parties.  No such deposition

transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a) (excluding in-house counsel for any portions related to source code or which are designated Attorneys Eyes Only), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to anyone other than those described in Paragraph 5(a) (excluding in-house counsel for any portions related to source code), (b), (c), (d) and (f) above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, Attorneys Eyes Only, or Source Code all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of the marked portions of that transcript in accordance with Paragraphs 1-5, 8 and 9.

8.      For the purpose of settlement negotiations under Federal Rule of Evidence 408, a party's in-house counsel may receive from the receiving party a written or verbal summary of licenses, licensing documentation, settlement agreements, and settlement negotiations that have been designated as Attorney's Eyes Only. Such a written or verbal summary should be limited to include only such information as is necessary to adequately inform the above-identified counsel of pertinent information contained in the designated material directly applicable to the settlement negotiations taking place under Federal Rule of Evidence 408.

9.      Information designated "CONFIDENTIAL – SOURCE CODE" may be viewed only by outside counsel of the receiving party, and by independent experts (as defined in paragraph 5(b)), and personnel described in paragraphs 5(c),(d) and (f), subject to the further restrictions discussed below.  Information designated "CONFIDENTIAL – SOURCE CODE" will also be subject to the following disclosure procedures:

7

a.      Because of the highly sensitive nature of the Source Code and because of the ease with which electronic media may be copied, transported, or stolen, the producing party will maintain the Source Code in a secure location.  At the receiving party's request, Source Code shall be made available in electronic form form on a stand-alone, non-networked computer with all parts, software, and other avenues that could be used to copy or transfer such data blocked, for inspection at the offices of counsel for the producing party or at another location of the producing party's choosing.  In no circumstances will a receiving party itself be permitted to install software on the producing party's Standalone Computer.

If a receiving party reasonably believes it is necessary to use any software tools for viewing and searching Source Code on the Standalone Computer, a receiving party may request the producing party to install commercially available, properly licensed software tools for viewing and searching Source Code on the Standalone Computer.  In such an event, the receiving party shall identify and submit such software tools to the producing party for inspection and review by the producing party at least 5 business days prior to inspection of the source code.  Absent objection by the producing party, the software tools shall be installed by the producing party on the stand-alone computer for use during the period of inspection of the source code by the requesting party, and removed thereafter.  Upon any objection by the producing party to the installation of a software tool, the use of that software tool shall be prohibited absent court approval.

Only outside counsel (as defined in paragraph 5(a)) of the receiving party, and independent experts (as defined in paragraph 5(b)) shall have access to the Standalone Computer provided, however, that the following restrictions shall apply to such access:

(i)      at least three (3) business days prior to the date on which access is sought to such Standalone Computer, counsel of record for the receiving party shall provide a list of individuals including attorneys seeking to access such Standalone Computer and the

producing party shall have the right to object to such access in accordance with paragraph 5(b) herein, unless in the case of an expert the producing party has already had the opportunity to object under paragraph 5(b), in which case the producing party shall not have a right to object to the expert accessing the source code;

(ii)     during the pendency of the three day notice period, no listed individual shall have access to the Standalone Computer;

(iii)    if an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection;

(iv)    each time a person accesses the Standalone computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, and the date and time in and out;

(v)     provided the procedures set forth herein are followed, there shall be no limitation on either the number of visits or length of time of a given visit by any person accessing the Standalone Computer, provided, however, that visits cannot occur or extend outside of normal business hours (10 am - 6:00 pm, weekends, holidays) unless otherwise agreed to by the parties, and that the number and length of visits shall be reasonable.

b.      The receiving party may not make nor attempt to make copies of the Source Code or convert the Source Code into any electronic form in any manner, except as set forth herein.

(i)     A printer shall be attached to the Standalone Computer and the receiving party shall make no more than 200 total pages of hard copies of "CONFIDENTIAL - SOURCE CODE" material on any given visit it in good faith considers to be important to its analysis.

9

(ii)     Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the producing party along with an identification of when the copies were made and who made them.

(iii)    Any hard copies shall be conspicuously marked "CONFIDENTIAL - SOURCE CODE" in conformity with this Order.

(iv)    The receiving party shall keep a log including: (a) the custodian of each copy of any "CONFIDENTIAL - SOURCE CODE" materials; (b) the name of all persons accessing the "CONFIDENTIAL - SOURCE CODE" materials; and (c) the date and time of access of the "CONFIDENTIAL – SOURCE CODE" materials.

(v)     An expert who has access to printed hard copies of source code may make electronic PDF copies of those hard copies for purposes of preparing his or her expert report, but must destroy all printed and electronic copies upon termination of the litigation.

(c)     All "CONFIDENTIAL - SOURCE CODE" materials, including all copies, in the possession of the receiving party shall be maintained in a secured, locked area.

(d)     All "CONFIDENTIAL - SOURCE CODE" materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time will any "CONFIDENTIAL - SOURCE CODE" material be given to or left with the Court Reporter or any other individual.

(e)     Any brief, paper, pleading, or other submission to the Court that may contain copies, portions, or excerpts of a producing party's Source Code shall be submitted under seal pursuant to Paragraph 11 and the applicable local rules of this Court.  The parties further agree that any brief, paper, pleading, or other submission shall only contain as much of the Source Code as the party, in good faith, deems reasonably necessary.  Any and all such Source

Code attachment shall be marked "CONFIDENTIAL - SOURCE CODE" and to the extent submitted to the Court or presented at hearings or at trial, subject to same.

(f)      Nothing in this Order shall obligate the parties to produce any Source Code, nor shall it act as an admission that any particular Source Code is discoverable.

10.     If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only or Source Code hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only or Source Code.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)      If a dispute as to a Confidential or Attorneys' Eyes Only or Source Code designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.     All requests to seal documents filed with the Court shall comply with Local Civil

11

Rule 5.3.

12.     If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only or Source Code information, it may do so only after giving notice to the producing party and as directed by the Court.

13.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Attorneys Eyes Only or Source Code material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys Eyes Only or Source Code within a reasonable time after learning of the inadvertent or unintentional disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys Eyes Only or Source Code under this Discovery Confidentiality Order.

14.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of

12

privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

16.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential, Attorneys Eyes Only or Source Code material and to destroy, should such source so request, all copies of Confidential, Attorneys Eyes Only or Source Code material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Attorneys Eyes Only or Source Code material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  To the

extent a party requests the return of Confidential, Attorneys Eyes Only or Source Code material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

_____
HON. JOSEPH A. DICKSON, U.S.M.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential, Attorneys Eyes Only or Source Code Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.      I will limit use of Confidential, Attorneys Eyes Only or Source Code Material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential, Attorneys Eyes Only or Source Code  Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____                    _____ [Name]